Maurice Wahl, J.
The landlord in this summary proceeding seeks to oust the tenant and the undertenants for alleged violation of a substantial obligation of tenancy. It is claimed that the subletting is a violation of the terms of the tenancy. It is further claimed that notice thereof was given to the tenant in accordance with the law and the violation has not been removed.
The landlord is the owner of premises 610 West End Avenue, New York, New York. The tenant occupies apartments IB and 2B in said apartment house. The tenant is a practicing dentist. The subtenants, ered kassebohm and max sterman, occupy a part of the space for professional purposes. Upon information and belief, they are medical doctors. Walter shepherd is a sublessee of dwelling space and resides in a portion of the demised premises.
The tenant concededly is a statutory tenant. The record reveals that the undertenants have been in possession since before the enactment of the control statute. Thus, they are protected by the statute (State Residential Rent Law, § 2, subd. 7; L. 1946, ch. 274, as amd.). No agreement can affect these persons whose rights are controlled by a public interest statute, clearly within the police power in view of the emergency, as declared by the Legislature.
Furthermore, the record reveals that part of these premises is used commercially or for business purposes and part for residential or living purposes. Such dual purpose requires a finding as to which is dominant and if severable. Such power of determination, however, lies only in the Rent Administrator and not the court. A determination from his office must first be sought before any legal proceedings are instituted (Confederated Properties v. Nosek, 2 A D 2d 383).
Final order for tenants dismissing petition, without prejudice to further proceedings as landlord may be advised.